UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CV-81238-ROSENBERG/BRANNON

JOHN WALTER,

    Plaintiff,

v.

JET AVIATION FLIGHT SERVICES,
INC., a Maryland corporation, &
MATTHEW RAVER,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendants' Motion to Dismiss [DE 17]. The motion has been fully briefed and the Court heard oral argument on the motion on December 5, 2016. For the reasons set forth below, the motion is denied.

This case concerns statements made by Defendants that ultimately resulted in Plaintiff's termination. Plaintiff alleges that those statements were defamatory and that Plaintiff tortiously interfered with a business relationship. Defendants have raised one set of legal objections towards Plaintiff's claims for defamation and another set of legal objections towards Plaintiff's claims for tortious interference. Each is briefly addressed in turn.

With respect to Defendants' arguments on the issue of defamation, it is Defendants' contention that (1) Plaintiff's defamation claims do not contain sufficient specificity, (2) Plaintiff fails to state a claim, and (3) Defendants' statements were privileged. Plaintiff has not alleged that Defendants defamed him via written statements. Plaintiff has alleged oral defamation. A claim for oral defamation need not set out the defamatory statements verbatim.

*Nezelek v. Sunbeam Television Corp.*, 413 So. 2d 51, 55 (Fla. Dist. Ct. App. 1982). A claim for oral defamation need not set out the defamatory statements with particularity. *Scott v. Busch*, 907 So. 2d 662, 667 (Fla. Dist. Ct. App. 2005). Rather, as Defendants emphasize, a claim for defamation must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and must contain enough factual allegations to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 555 (2005). Plaintiff has done so. While the Court acknowledges the facial validity of Defendants' argument, and while certain areas of the complaint do lack specificity,[1] Plaintiff's Complaint must be viewed in its entirety and it must be viewed with all inferences taken in Plaintiff's favor. Viewed in that light, Plaintiff's Complaint establishes a cohesive narrative. That narrative is that Defendants acted with malicious ill will to manufacture a way to both terminate Plaintiff and to ruin Plaintiff's reputation with a critical third party, Mr. Bruce Kovner. While certain portions of Plaintiff's narrative lack specificity, the Plaintiff has also explained in the Complaint by implication why that is so. *See* Complaint ¶¶ 46, 47, 48. In sum, Plaintiff has alleged enough factual content to raise his right to relief above a speculative level and, as a result, Defendants' arguments pertaining to specificity are rejected.

Defendants next argue that Plaintiff's defamation claims must be dismissed because the alleged defamatory statements were not published, an essential element of a defamation claim. Plaintiff has alleged that the statements at issue were published. Complaint ¶¶ 50, 64. Defendants' argument is that a corporation cannot publish defamatory statements to itself and, as a result, courts do not consider statements between corporate managers and corporate

---

[1] *See* Plaintiff's Complaint, ¶47(b), alleging that Defendant Jet Aviation told "some things" to a third party.

executives to satisfy the publication element for a defamation claim *against the corporation. See*, *e.g., Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. Dist. Ct. App. 2007). But Plaintiff has sued an individual for defamation, Mr. Raver, and therefore the case law cited by Defendants does not apply.[2] Although Plaintiff has also sued Jet Aviation, Plaintiff clarified at the hearing on this matter that his claim for defamation against the corporation is only against statements made by the corporation *to outside third parties* and, as a result, the case law cited by Defendants does not apply to that claim either. Neither of Plaintiff's defamation claims is analogous to the case law cited by Defendants because neither of those claims involves communications between corporate managers or corporate officers, however, to the extent Defendants seek to argue the intra-corporate publication doctrine encompasses non-managerial employees who are authorized to participate in a communication, that is a fact-based inquiry that will require record evidence and is outside the four corners of Plaintiff's Complaint.

Defendants also argue that the statements at issue are not cognizable for a defamation claim because Defendants were protected by a qualified privilege to speak about aircraft

---

[2] While Defendants have cited case law for the proposition that intra-corporate statements, such as statements between corporate officers, are not "published" statements for the purposes of defamation, the Court is unaware of any case that stands for the proposition that a low-level employee, acting with malicious intent, cannot publish a defamatory statement by uttering that statement to corporate officers. The authority relied upon by Defendants does not address such a situation and instead focuses on communications *within* a corporation between corporate officers and corporate executives. *See*, *e.g., Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. Dist. Ct. App. 2007) ("All communication *between* [] executive/managerial employees are considered to be the corporation talking to itself, and, could not be the basis for any defamation claim because they lacked the essential element of publication to a third party.") (emphasis added); *contra Southern Bell Telephone & Telegraph Co. v. Barnes*, 443 So. 2d 1085, 1085 (Fla. Dist. Ct. App. 1984) (citing authority for the proposition that intra-corporate communications can satisfy the publishing requirement of defamation); *Arison Shipping Company v. Smith*, 311 So. 2d 739 (Fla. Dist. Ct. App. 1975) (noting the same). The Court expresses no opinion at this time on whether the statements in this case, once they are known with particularity, were published. The Court merely concludes that the allegations in the Complaint are sufficient to survive a motion to dismiss. Defendants' legal arguments on this point are preserved for the parties to re-raise this issue at summary judgment, should the evidence warrant such a discussion.

safety matters.  The Court cannot evaluate this argument, however, because as discussed above at present the Court does not know precisely what statements were uttered.  That is a matter that must be developed in discovery.  Once evidence is available pertaining to just what was said, and to whom, the Court can determine whether the statements were protected under an applicable privilege.  Defendants' argument on this point is therefore rejected as premature.

Turning to Defendants' arguments against Plaintiff's tortious interference claims, Defendants argue that (1) Plaintiff has not properly pled this claim as to Defendant Raver and (2) Plaintiff has not alleged a business relationship with a third party such that Defendant Jet Aviation could interfere with it.  As to Defendant Raver, the Court disagrees.  It may be clearly inferred from Plaintiff's Complaint that Defendant Raver, acting with malicious intent, sought to get Plaintiff fired via untrue statements and, as a result, he deprived Defendant Jet Aviation of a valuable employee.[5]  As to Defendant Jet Aviation, Defendants argue that Jet Aviation cannot interfere with its own client and, moreover, Plaintiff has not alleged an actionable business relationship between Plaintiff and Mr. Kovner (Jet Aviation's client).  For authority, Defendants cite to *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1294 (11th Cir. 2001), but that case was decided on summary judgment.  Defendants cite to *Hall v. Burger King Corp.*, 912 F. Supp. 1509 (1995) and *Romika-USA, Inc. v. HSBC Bank USA, N.A.*, 514 F. Supp. 2d 1334 (S.D. Fla. 2007), but those cases were also decided on summary judgment.  Defendants cite to *Palm Beach County Health Care District v. Professional*

---

[5] See, as Defendants concede, *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 386 (Fla. Dist. Ct. App. 1999) (permitting, as an exception, a claim for tortious interference against a fellow employee when the defendant acted with a sole ulterior purpose to interfere for his own personal benefit and not for the benefit of his employer).

4

*Medical Education, Inc.*, 13 So. 3d 1090 (Fla. Dist. Ct. App. 2009), but that case was tried to a jury. Upon review of those cases, the Court notes that the analysis in each case was fact-specific.

Defendants do cite to three cases decided at the motion to dismiss stage, but none of the allegations in those cases resemble the unique allegations in this case. In *Oceguera v. Alutiiq Security & Technology, LLC*, No. 10-22220-CIV, 2010 WL 3894606, at *1 (S.D. Fla. Oct. 1, 2010), a plaintiff sued a parent company of his employer.[6] In *Abruzzo v. Haller & Haller*, 603 So. 2d 1338, 1339-40 (Fla. Dist. Ct. App. 1992), a plaintiff sued an agent for interfering with the agent's principal. Similarly, in *S.O.S. Resource Services, Inc. v. Bowers*, No. 14-22789, 2015 WL 2415332 (S.D. Fla. May 21, 2015), a plaintiff sued a corporate officer for interfering with a corporate relationship.

In contrast to the cases decided at the motion to dismiss stage cited above, the Plaintiff in the instant case has alleged that he had a business relationship with a third party, Mr. Bruce Kovner, prior to becoming employed with Jet Aviation and, essentially, that his employment with Jet Aviation was accomplished by virtue of a mandate, or imposed condition, by Mr. Kovner:

> This is an action brought by John Walter, an experienced private-aviation jet pilot whom Jet Aviation Flight Services, Inc., hired at the insistence of an owner who switched the maintenance and management of his Gulfstream G-450 private jet to it from another company that had employed Walter as, among other things, the owner's designated pilot for four years.

Complaint ¶ 1. At Mr. Kovner's request, Plaintiff moved his residence from New York to Jupiter Island so that he could continue to serve as Mr. Kovner's private pilot,

---

[6] There was some confusion in the case as to what relationship the parties had with one another.

notwithstanding the fact that, at that time, Plaintiff was employed by a jet aviation company not a part of this lawsuit:

> When Kovner moved his residence from New York to Jupiter Island, he requested that Walter also relocate to Florida to be available for short-notice flights as his primary pilot.

Complaint ¶ 9. It was at that time Mr. Kovner required, as a condition for Jet Aviation to service his jet, that Plaintiff fly the plane:

> After both the aircraft and Walter had relocated their bases to Florida, Kovner switched the management of his Gulfstream to Jet Aviation — and insisted that Walter leave Gama to go to work for Jet Aviation as a full-time designated pilot for Kovner, for whom he would be lead pilot.

Complaint ¶ 10. Plaintiff's compensation was set by Mr. Kovner:

> Although Walter received his paycheck and employee benefits through Jet Aviation, he had negotiated his relocation and compensation package directly with Kovner and with Kovner's personal assistant, Karen Cross: Kovner bought out Walter's contract with Gama and, even as Walter began his employment by Jet Aviation, told Walter, "**remember who you work for**."

Complaint ¶ 11 (emphasis added). For Plaintiff's tortious interference claim to be viable, Plaintiff must have had a business relationship with Mr. Kovner. It is not necessary that the business relationship be founded upon an enforceable contract. *Franklin v. Brown*, 159 So. 2d 893, 896 (Fla. Dist. Ct. App. 1964). While it is true that an interfering party must be a stranger to a plaintiff's business relationship,[7] and while Jet Aviation and Mr. Kovner certainly had *a* relationship, it is not immediately apparent to this Court, based upon the Complaint, whether Jet Aviation was not, as a matter of law, a third party to the *relationship between Plaintiff and Mr. Kovner*—a relationship that predated the relationship between

---

[7] *Salit*, 742 So. 2d at 386.

6

Plaintiff and Jet Aviation.[8]  At this stage of the proceedings, on these unique facts, the Court is persuaded that this matter should be resolved by a fact-specific approach on an evidentiary record, like the majority of the cases cited and relied upon by the Defendants.  Defendants' arguments on these points are therefore denied as premature, but those arguments are preserved for future adjudication.

For all of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 17] is **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 7th day of December, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[8] Nor is it immediately apparent to this Court that the same exception (see footnote 5) that applies to Defendant Raver cannot apply to Defendant Jet Aviation as a matter of law.